

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
AUG - 2 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00049 |
| Plaintiff. | |
| vs. | **PLEA AGREEMENT** |
| BANNER JOY INGLE, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, BANNER JOY INGLE, enter into the following plea agreement:

1. The defendant, BANNER JOY INGLE, agrees to enter a guilty plea to a Superceding Information charging her with Count I- Storage of Opened Container, in violation of Title 16, Guam Code Annotated, Section 18122, as assimilated by Title 18, United States Code, Sections 7(3) & 13 and Count II- Reckless Driving, in violation of Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) & 13.

2. The defendant understands that the <u>maximum</u> sentence for Storage of Opened Container, in violation of 16 G.C.A. § 18122, a misdemeanor, is one (1) year imprisonment as

1

set forth in 9 G.C.A. § 80.34 and a fine or restitution not exceeding one thousand dollars ($1000) as set forth in 9 G.C.A. § 80.50. The defendant also understands that she will be subject to a $25 special assessment fee, as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant for not more than one year as set forth in 18 U.S.C. § 3583(e)(3). The $25 special assessment fee must be paid upon sentencing.

3. The defendant understands that the <u>maximum</u> sentence for Reckless Driving, in violation of 16 G.C.A. § 9107, a petty misdemeanor, is (60) days imprisonment as set forth in 9 G.C.A. § 80.34 and a fine or restitution not exceeding five hundred dollars ($500) as set forth in 9 G.C.A. § 80.50. The defendant also understands that she will be subject to a $10 special assessment fee, as set forth in 18 U.S.C. § 3013, which must be paid upon sentencing.

4. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish the violation of Storage of Opened Container, in violation of Title 16, Guam Code Annotated, Section 18122, as assimilated by Title 18, United States Code, Sections 7(3) and 13, the United States must prove each of the following elements beyond a reasonable doubt:

    a. <u>First</u>, that the defendant was the driver of a vehicle;

    b. <u>Second</u>, that the registered owner of the vehicle was not then present in the vehicle,

    c. <u>Third</u>, that the vehicle was upon a highway;

    c. <u>Fourth</u>, that the vehicle contained a can of an alcoholic beverage which had been opened; and

2

d. <u>Fifth</u>, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

6. The defendant understands that to establish the violation of Reckless Driving, in violation Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13, the United States must prove each of the following elements beyond a reasonable doubt:

    a. <u>First</u>, that the defendant drove a vehicle upon a highway;

    b. <u>Second</u>, that her driving was in willful or wanton disregard for the safety of persons or property; and

    c. <u>Third</u>, that the offense occurred on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

7. The government and the defendant stipulate to the following facts for purposes of the sentencing:

    a. The defendant was born in 1979 and is a citizen of the United States; and

    b. That on or about 14 April 2007, in the District of Guam, the defendant, BANNER JOY INGLE, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the concurrent jurisdiction thereof, being the driver of the vehicle, while the registered owner was not then present in the vehicle, did keep in the motor vehicle, while the vehicle was upon a highway, a can containing an alcoholic beverage which had been opened. That the defendant, BANNER JOY INGLE, did drive a motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon. That while the defendant, BANNER JOY INGLE, was driving the motor vehicle, she stopped the vehicle approximately twenty (20) feet from the U.S. Naval Base Guam access gate, wiped off her face, and then suddenly sped-up passing through the gate guards in an attempt to drive away, requiring the gate guards to move swiftly out of her way before the vehicle was eventually stopped.

//

//

3

8. The United States and the defendant agree to recommend the following sentence:

   a. That the defendant pay a fine of five hundred dollars ($500.00) for Count I of the Superceding Information and a fine of two hundred fifty dollars ($250.00) for Count II of the Superceding Information.

   b. That the defendant participate in, and successfully complete an alcohol or drug education program, or both of these programs as designated by the court;

   c. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

   d. That the counselor submit a report with recommendations to the court, which may require the person to obtain appropriate treatment;

   e. That all costs for such assessment or treatment or both be borne by the defendant;

   f. That the defendant be placed on supervised probation for the minimum length of time allowable by law, with the following conditions of probation being imposed:

      (1) Defendant shall not commit another Federal, State, or local crime during the term of probation;

      (2) Defendant shall refrain from drinking alcohol during the probationary period and shall submit to alcohol testing as directed by her Probation Officer;

   g. That failure of the defendant to follow all of her conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum penalty allowable under the statutes charged.

9. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the Court.

10. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

11. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into her plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. Her right to be represented by an attorney;

    c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into her plea agreement, she waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

    f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

    g. That she reads, writes and speaks the English language and has no need for an interpreter;

    h. That she has read the plea agreement and understands it; and

//
//
//
//
//
//

5

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

_8-1-07_
DATE

/s/ Banner Joy Ingle
BANNER JOY INGLE
Defendant

_8/1/07_
DATE

/s/ John Gorman
JOHN GORMAN
Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

_8/1/07_
DATE

By: /s/ Ryan M. Anderson
RYAN M. ANDERSON
Special Assistant U.S. Attorney

_8/2/07_
DATE

/s/ Jeffrey J. Strand
JEFFREY J. STRAND
First Assistant U.S. Attorney

6